RECEIVED

JAN 2 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WARREN SENEGAL, ET UX | CIVIL ACTION NO.: 04-482 |
| VERSUS | JUDGE DOHERTY |
| CITY OF BREAUX BRIDGE, ET AL | MAGISTRATE JUDGE METHVIN |

## **MEMORANDUM RULING**

Currently pending before the Court are a Motion for Summary Judgment filed on behalf of Crum & Forester Specialty Insurance Company [Doc. 79], a Motion for Partial Summary Judgment filed on behalf of Warren and Tisa Senegal [Doc. 83] and a Motion for Summary Judgment filed on behalf of the City of Breaux Bridge, Hubert Augustine and Charles Thibodeaux [Doc. 103].[1] It appears defendants seek summary judgment on all "federal claims,"[2] and additionally ask the Court to decline supplemental jurisdiction over all state law claims. Alternatively, defendants argue plaintiffs' state law claims should be dismissed on the merits.

Contrarily, plaintiffs move for an order of partial summary judgment on "the issues of liability." Plaintiffs identify their claims in their memoranda in support of the motion as follows:

(1) "Detective Hubert Augustine's individual capacity liability for the unlawful seizure of Warren Senegal in violation of the Fourth Amendment."

(2) "Chief Charles Thibodeaux's individual capacity liability for the violation of Warren Senegal's Fourth Amendment constitutional rights by detective Hubert Augustine."

---

[1] The Motion for Summary Judgment by the City of Breaux Bridge, Hubert Augustine and Charles Thibodeaux [Doc. 103] adopts in its entirety the Motion and Memorandum by Crum & Forester and adds no additional grounds for summary judgment.

[2] Defendants state in their memoranda in support they are seeking dismissal of plaintiffs' "federal claims, under 42 U.S.C. 1983, 1988 and the Fourth Amendment." [Doc. 79, p. 2]

(3) "Detective Hubert Augustine's liability for violation of his duty to investigate and prepare a constitutionally valid affidavit in support of the arrest warrant for Warren Senegal, pursuant to Louisiana negligence law, La.C.C. art. 2315, and malicious prosecution."

(4) "Chief Charles Thibodeaux' liability pursuant to Louisiana negligence law, La.C.C. art. 2315, for failure to train or supervise detective Hubert Augustine."

(5) "City of Breaux Bridge vicarious liability under the theory of *respondeat superior*, La. C.C. art. 2320, for the negligent acts of Chief Charles Thibodeaux and detective Hubert Augustine," and

(6) "City of Breaux Bridge direct liability for failure to train or supervise detective Hubert Augustine, pursuant to Louisiana negligence law, La.C.C. art. 2315."

Notwithstanding this Court's best efforts, and after multiple attempts to clarify the pleadings submitted in this matter (see Doc. Nos. 51, 52 and transcript dated May 16, 2006), this Court remains unable to ascertain with sufficient clarity exactly what claims are being brought against each defendant, their basis in law and the facts in support, and exactly what defenses are being asserted as to each claim. However, the Court notes at the very least, the underlying historical facts are in such vigorous dispute that there remain numerous genuine issues of material fact. More specifically, the parties disagree as to exactly what information about the perpetrator was provided to Detective Augustine prior to his obtaining an arrest warrant for Warren Senegal, and exactly what name(s) was/were provided to Detective Augustine prior to issuance of the warrant.[3]

Due to the drastically differing versions of the underlying facts submitted to the Court by plaintiffs and defendants, the Court finds Detective Augustine's knowledge of the facts and circumstances at the time he drafted his affidavit used in support of the arrest warrant and whether

---

[3] This is by no means an exhaustive listing of the genuine issues of material fact at play in this matter.

or not those facts and circumstances created probable cause to arrest Warren Senegal are genuine issues of material fact. The question thus becomes "Whether a reasonably well-trained officer in [Augustine's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Malley v. Briggs, 475 U.S. 335, 346 (1986). Consequently, this matter is not appropriate for summary judgment.

Additionally, the argument has been made by plaintiff that the affidavit in support of the arrest warrant is insufficient on its face, citing Giordenello v. United States, 357 U.S. 480, 486 (1958) in support.[4] In the instant matter, the affidavit contains no information with regard to how Detective Augustine obtained the information contained therein. Rather, the affidavit merely states that *a* Warren Senegal committed various crimes. Due to the glaring issues of material fact involved in this matter, the Court finds summary judgment to be inappropriate. Consequently, all motions for summary judgment are DENIED due to counsels' failure to carry their various burdens of proof. Additionally, the Court notes no party has sufficiently addressed the applicable law as to each claim and the motions are DENIED on that basis as well.

---

[4] Giordenello held an arrest warrant to be unconstitutional where no basis was provided to the Commissioner that probable cause existed. The Court stated: "The complaint contains no authoritative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainants belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made." The same can be said of the affidavit in the instant matter.

Pursuant to the parties' agreement to try this matter before Magistrate Judge Hill should all issues not be resolved by way of motion practice [Doc. 65], the Court hereby REFERS and REASSIGNS this matter to Magistrate Judge Hill with the recommendation it be set for trial.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 25 of January, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 1-26-07
BY: CB
TO: CMH/BBR

-4-